**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-3053
_____

UNITED STATES OF AMERICA

v.

DAWAYNE BRIGGS,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Criminal Action No. 2-20-cr-00206-001)
District Judge: Honorable John M. Gallagher

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on

September 20, 2022

_____

Before: CHAGARES, Chief Judge, MCKEE*, and PORTER, *Circuit Judges*

(Opinion filed: May 3, 2023)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.


*Judge McKee assumed senior status on October 21, 2022.

McKEE, *Circuit Judge*:

Dawayne Briggs asks us to vacate his 70-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D). Briggs raises three issues on appeal. He contends that the District Court erred in (1) denying his motion to dismiss the indictment due to speedy trial violations, (2) denying his motion to suppress the evidence seized from his apartment, and (3) denying his request for a *Franks*[1] hearing. For the reasons that follow, we reject each of these arguments and will affirm the District Court.[2]

## I. Speedy Trial Act.[3]

Pursuant to the Standing Orders of the Chief Judge of the United States District Court for the Eastern District of Pennsylvania, all of the period Briggs relies upon for his Speedy Trial challenge is excluded time because of COVID-19-related court closures and delays. Nonetheless, Briggs challenges the preindictment continuances granted by the District Court throughout this period, on the grounds that he was held in "abhorrent circumstances."[4] During this unprecedented time, the Chief Judge determined that the

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).
[2] The District Court had jurisdiction over this federal criminal case under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.
[3] "We review a district court's interpretation of the Speedy Trial Act *de novo*; its fact-finding for clear error; and its decision to grant a continuance, after proper application of the statute to the facts, for an abuse of discretion." *United States v. Shulick*, 18 F.4th 91, 100 (3d Cir. 2021).
[4] Appellant Br. at 32. Noticeably, Briggs does not detail such "abhorrent circumstances."

increased number of COVID-19 cases in the Eastern District of Pennsylvania hindered

the Court's ability to adequately prepare for trials. The Chief Judge issued these orders in

the interest of reducing the risk of infection, and after consultation with local and state

government officials. During this period, courts were closed and no grand juries met.

This delay was not due to any malevolent or strategic motivations on the part of the

government or the District Court. Given the interruptions in the criminal justice system

necessitated by the COVID-19 pandemic, it is clear that the District Court did not abuse

its discretion in denying Brigg's motion to dismiss based upon the Speedy Trial Act and

his argument to the contrary is frivolous.

## II. Sixth Amendment Delay.[5]

Briggs' assertion that the delay violated the Sixth Amendment is equally frivolous.

In examining a defendant's constitutional speedy trial claim, we consider "(1) the length

of the delay, (2) the reasons for delay, (3) whether, in due course, the defendant asserted

his right to a speedy trial and (4) the actual prejudice the defendant suffered as a result."[6]

However, "[u]ntil there is some delay which is presumptively prejudicial, there is no

necessity for inquiry into the other factors that go into the balance."[7] "The length of delay

which is presumptively prejudicial and which triggers plenary inquiry into the

---

[5] When considering constitutional speedy trial claims, "[w]e review the District Court's factual findings for clear error and legal conclusions *de novo*." *Shulick*, 18 F.4th at 102.
[6] *United States v. Dent*, 149 F.3d 180, 184 (3d Cir. 1998) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).
[7] *Barker*, 407 U.S. at 530.

circumstances surrounding the delay will vary with the particular features of each case."[8]

Nevertheless, "lower courts have generally found post accusation delay 'presumptively prejudicial' at least as it approaches one year."[9]

The delay between Briggs' indictment and arrest was approximately three months—far from approaching one year. The only prejudice that he asserts is the delay itself.[10] We do not minimize the fact that Briggs was held in custody without being indicted for approximately three months, and that he (like countless other inmates here and nationally) was confined under circumstances that exposed him to a very serious disease. However, the circumstances of Briggs' pretrial delay do not constitute a Sixth Amendment violation. The delay here was neither presumptively nor actually "prejudicial" pursuant to *Barker v. Wingo*. Accordingly, we find no constitutional speedy trial violation; we need not consider the remaining *Barker* factors.

### III. Motion to Suppress[11]

Briggs also claims that the allegations in the search warrant affidavit fail to establish probable cause to search his apartment, in violation of the Fourth Amendment.

---

[8] *Wells v. Petsock*, 941 F.2d 253, 257 (3d Cir. 1991) (citing *Barker*, 407 U.S. at 531).

[9] *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).

[10] *See* Appellant Br. at 32. ("Due to the peculiar circumstances of the within matter, the delay was the prejudice.").

[11] "This Court reviews the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercises plenary review of the District Court's application of the law to the facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002). "A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" *Illinois v. Gates*, 462 U.S. 213, 236 (1983).

The Fourth Amendment requires that law enforcement officers, prior to searching a person's home, obtain a warrant supported by probable cause.[12] Probable cause is a "flexible, common-sense standard."[13] It exists where "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been . . . committed."[14]

Briggs first focuses on the fact that the affidavit references information obtained via confidential informants, stating that "the affidavit does not so much as allege that these sources or informants have provided reliable information in the past, let alone provide specifics."[15] But this is false. The affidavit does indeed contain information regarding the informants' reliability in previous investigations and the corroboration provided to law enforcement.

He also challenges the government's reliance on his social media posts because "[t]he affiant does not aver that he was able to determine that the jewelry and/or money in the videos was real, whether the items actually belonged to Briggs or (if the items did belong to Briggs) when and under what circumstances they came into his possession."[16] However, "probable cause does not require officers to rule out a suspect's innocent

---

[12] *Gates*, 462 U.S. at 238; *Payton v. New York*, 445 U.S. 573, 586 (1980).

[13] *Texas v. Brown*, 460 U.S. 730, 742 (1983).

[14] *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)).

[15] Appellant Br. at 26.

[16] Appellant Br. at 27.

explanation for suspicious facts."[17] Here, despite reporting little to no income, Briggs' posts showed him possessing high-end jewelry and very large amounts of cash. Thus, the discrepancy between the lavish lifestyle revealed in these posts and his limited income supports a finding of probable cause.

Briggs argues that the affidavit does not support a finding of probable cause that contraband was specifically inside his apartment. It is well-settled that a court "is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense."[18] Moreover, we have also previously concluded that it is reasonable to infer that a person involved with drug dealing on a large scale would store evidence pertaining to such activities in his home.[19] Given that the affidavit contains multiple allegations that Briggs actively participated in an ongoing drug operation, it was reasonable for the Magistrate Judge to believe that at least some of the evidence would still be in Briggs' apartment when the judge authorized the search. Accordingly, the District Court did not err in finding that probable cause existed.[20]

Finally, Briggs challenges the District Court's denial of a *Franks* hearing.[21] A defendant seeking a *Franks* hearing "must present an offer of proof contradicting the

---

[17] *D.C. v. Wesby*, 138 S. Ct. 577, 588 (2018).
[18] *United States v. Hodge*, 246 F.3d 301, 305–06 (3d Cir. 2001) (quoting *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000)) (internal quotations omitted).
[19] *Id*. at 306.
[20] Because we conclude that the affidavit did sufficiently establish probable cause, we need not address Briggs' argument that the good faith exception is inapplicable to this case.
[21] *See Franks*, 438 U.S. at 154.

affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses."[22]

Briggs' allegations regarding false statements in the affidavit primarily concern the March 2, 2020 incident. He argues that the smell of marijuana relied upon in the search affidavit could have come from something or someone else. But the witnesses claimed that the boxes *themselves* smelled of marijuana. Briggs also states that the affidavit was intentionally vague about the boxes being carried to his specific apartment on the 27th floor, as they could have been carried elsewhere. Yet, even if camera footage did not show Briggs and his associates entering his apartment with the boxes, the footage did show the group entering the floor where he had his apartment. The reasonable inference that results cannot be characterized as "reckless disregard."

Additionally, Briggs claims that the affiant offered intentionally false explanations of his comments on Instagram. But, even if his comments referenced his jewelry (as Briggs argues) and not drug dealing, it is reasonable to assume that the jewelry was the "fruit" of his suspected drug dealing.

---

[22] *United States v. Yusuf*, 461 F.3d 374, 383 n.8 (3d Cir. 2006). Furthermore, Briggs argues that we have not clarified the appropriate standard of review to apply when reviewing a District Court's decision not to hold a *Franks* hearing. However, we recently clarified the applicable standards in *United States v. Desu*, 23 F.4th 224 (3d Cir. 2022). There, we concluded that "[w]e review for clear error a district court's determination regarding whether false statements in a warrant application were made with reckless disregard for the truth. Next, after putting aside any false statements made with reckless disregard for the truth, we review de novo a district court's substantial-basis review of a magistrate judge's probable cause determination." *Desu*, 23 F.4th at 235.

Moreover, even if the allegations regarding the March 2, 2020 incident are indeed false, probable cause is still established absent those allegations based upon Briggs' social media posts showing stacks of cash and designer jewelry, his apparent income-lifestyle disparity, and the information obtained from confidential informants. Accordingly, the District Court did not err in declining to hold a *Franks* hearing.

## II.

For the foregoing reasons, we will affirm the District Court's order in its entirety.